[Civ. No 7240. Fourth Dist. Dec. 17, 1963.]

OLGA FRIEDA McCONAGHY, Plaintiff and Respondent, v. ROBERT McCONAGHY, Defendant and Appellant.

468

Robert McConaghy, in pro. per., for Defendant and Appellant.

Crittenden, Gibbs & Heid, Hayworth & Ericson and Philip Crittenden for Plaintiff and Respondent.

GRIFFIN, P. J.—In a prior divorce action, plaintiff obtained an interlocutory decree of divorce on May 9, 1961. There, the court held that a trailer park in San Ysidro was held by the parties as joint tenants. Thereafter, plaintiff wife filed this action for partition, for waste, and asked for the appointment of a receiver of the property. On June 1, 1962, the court rendered an interlocutory decree in this action appointing a receiver and directing a sale of the property. Defendant here appealed from this decree and the appeal was subsequently dismissed on motion in this court for failure to perfect the appeal. The decree became final. It provided that a receiver be appointed, naming him, and a bond of $5,000 was fixed and posted. The receiver was directed to take charge of the property and order such work done and repairs made as to comply with the city ordinances and to pay for same out of the rents and profits, and if these were insufficient the receiver was to have the authority to borrow such funds as might be needed and use the real property as security therefor upon approval of the court as to the amount and terms.

On September 28, 1962, an order to show cause was issued and served on defendant as to why an order should not be made to obtain additional funds needed by the receiver to do necessary painting and repairs to the property. Defendant

appeared and the court signed an order on October 9, 1962, authorizing the receiver to borrow $4,000 and to give as security an assignment of rents. Defendant appealed from this order. There was no bond staying execution filed.

On a motion to dismiss the appeal, plaintiff reported that the loan had already been consummated prior to the appeal from the order and the money derived therefrom had already been spent in repairs to the property, and stated that a sale of the property had been effected and that the payment of the loan would be made therefrom, that the sale had not at that time been approved, but that such sale would no doubt be approved before this appeal was decided. It was further contended that the order from which the appeal was taken was not an appealable order, under Code of Civil Procedure, section 963, and that the appeal was frivolous. At the hearing of the motion, it was, by consent, continued to be heard and considered at the time of the hearing on the merits on appeal. At this hearing, the parties conceded that the sale of the property had been approved by the trial court and the loan had been repaid from the funds derived from the sale. Defendant then contended that the sale was invalid.

On appeal on the merits, defendant contends, as we understand it, that the receiver, not being a party to the action, could not move the court for an order to borrow money unless he appeared through his own attorney and not the attorney for plaintiff, since both plaintiff and defendant were restrained from interfering with the receiver's duties.

The record indicates that the order to show cause was based upon the declaration of the receiver, filed with the court, reciting that the property required and necessitated an improvement loan from the bank and that security therefor would be required; that plaintiff's attorneys' names appeared on the declaration and application filed by the receiver and accordingly there was a ''conflict of interest'' for them to do so. The action was filed by plaintiff seeking the appointment of a receiver. Counsel for plaintiff, at the hearing on the motion to dismiss the appeal, conceded that he assisted the receiver in bringing to the attention of the court the declaration of facts, but stated that he made no charge for this service and was doing so in the interest of the preservation of the estate for both plaintiff and defendant. We see no merit to the contention that such conflict of interest, if any, was prejudicial to defendant. Plaintiff's attorney was making the application to the court for the loan on behalf of the

receiver. The decree, which was already signed and had become final, provided for appointment of the receiver and sale of the property and placed upon the receiver the duty of care and management of the property. Since no charge against defendant or his interests was made, we do not see how defendant was prejudiced thereby.

Next, defendant contends that at the hearing on the order to show cause, although he was present and sworn as a witness, the court would not allow him to fully testify and properly conduct his defense to the order. He produced a portion of the reporter's transcript and it indicates that the trial judge had heard, on a previous hearing where defendant was fully examined, all about the property, its condition and needs, and the court said that it did not think the testimony of the receiver was necessary at the hearing on the order to show cause. Apparently, defendant wanted to make some statement about the claimed prejudice of the judge and he was informed by the judge that his claim of prejudice was too late, since it was a continuation of the previous proceeding. The court remarked that defendant had let the premises run down and that there were 36 violations charged against him under the city ordinances, and the court then remarked that there was not enough money to go around and the receiver had to borrow money to fix up the place and that the court was authorizing it. The court then asked the defendant if he had anything to say, and defendant then asked the court about inspecting the books of the trailer park. The court asked if he had paid his license fee to the city yet and he remarked that he didn't consider doing it.

It is quite apparent from the record of the former hearing, and the written declaration and application of the receiver as to the necessity of the loan, that the trial judge concluded and found that the loan should be made to preserve the property. Had defendant shown in the record or offered any proof to the contrary, the propriety of the court's ruling would be properly before us. No prejudicial or reversible error is shown in this respect.

Since we concluded that the order authorizing the loan must be affirmed, we will not consider the merits of the motion to dismiss the appeal.

Motion to dismiss appeal denied; order affirmed.

Coughlin, J., and Brown (Gerald), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 5, 1964.